UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA F., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAZAKI, Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 2:20-cv-01065-SP <br><br><br> MEMORANDUM OPINION AND ORDER |

**I.**

**<u>INTRODUCTION</u>**

On February 1, 2020, plaintiff Silvia F. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the residual functional capacity ("RFC") determination was supported by substantial evidence.

Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 3; *see* Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-3.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the administrative law judge ("ALJ"), the court concludes that, as detailed herein, substantial evidence supports the ALJ's RFC assessment. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was 44 years old on April 16, 2015, her alleged disability onset date, and has at least a fourth grade education. AR at 119, 156. Plaintiff has past relevant work as a quality control parts inspector. *Id*. at 149.

On April 25, 2016, plaintiff filed an application for a period of disability and DIB. *Id*. at 157. The application was denied initially and upon reconsideration. *Id*.

On June 20, 2017, plaintiff filed a second application for a period of disability and DIB due to anxiety, depression, and pain in the shoulders, elbows, hand, head, and neck. *Id*. at 156. The application was denied initially and upon reconsideration, after which plaintiff filed a request for a hearing. *Id*. at 182-86, 192-97.

On November 15, 2018, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 110-55. The ALJ also heard testimony from Sharon Spaventa, a vocational expert, and Raul Fernandez Arroyo, plaintiff's husband. *Id*. at 147-54. On January 2, 2019, the ALJ denied plaintiff's claim for benefits. *Id*. at 85-93.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity

since April 16, 2015, the alleged onset date. *Id*. at 87.

At step two, the ALJ found plaintiff suffered from the severe impairments of disorders of the cervical and lumbar spine. *Id*. at 88.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's RFC,[1] and determined plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[2] with the limitations that plaintiff could: frequently climb ramps and stairs, balance, stoop, kneel, and crouch; occasionally climb ladders, ropes, and scaffolds; occasionally crawl; occasionally reach overhead bilaterally; and frequently handle and finger bilaterally. *Id*. at 89.

The ALJ found, at step four, that plaintiff was capable of performing her past relevant work as a quality control parts inspector as the job is generally performed. *Id*. at 92. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 93.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 7-9. The ALJ's decision stands as the final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b).

# III.
# **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends the ALJ's RFC determination was not supported by substantial evidence and the ALJ should have assessed more restrictive limitations, specifically, limiting plaintiff to intermittent bilateral repetitive tasks and less standing, walking, and sitting.  P. Mem. at 3.  Plaintiff argues the ALJ erred by improperly giving greater weight to the opinions of the state agency physicians and failing to provide clear and convincing reasons for discounting the opinions of the treating and examining physicians.  *Id*. at 3-5.

RFC is what one can "still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ reaches an RFC determination by reviewing and considering all of the relevant evidence, including non-severe impairments.  20 C.F.R. § 404.1545(a)(1)-(2); *see* Social Security Ruling ("SSR") 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").[3]

Among the evidence an ALJ relies on in an RFC assessment is medical evidence and opinions.  20 C.F.R. § 404.1545(a)(3).  For claims filed before March 27, 2017, the regulations required an ALJ to defer to the opinions of treating physicians.  *See* 20 C.F.R. § 404.1527(c).  The opinion of a treating physician was given more weight then an examining physician's opinion, which was given more weight than a reviewing physician's opinion.  *See Holohan*, 246 F.3d at 1202.  Under the revised regulations, for cases filed on or after March 27, 2017, an ALJ

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies.  SSRs are binding on all components of the SSA.  SSRs do not have the force of law.  However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs if they are inconsistent with the statute or regulations."  *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

will no longer defer or give specific evidentiary weight to any medical opinions. 20 C.F.R. § 404.1520c(a); *see Thompson v. Comm'r*, 2021 WL 1907488, at *3 (E.D. Cal. May 12, 2021); *P.H. v. Saul*, 2021 WL 965330, at *3 (N.D. Cal. Mar. 15, 2021). Instead, an ALJ will consider the persuasiveness of the medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(b)-(c); *see Sylvester G. v. Saul*, 2021 WL 2435816, at *2 (C.D. Cal. June 15, 2021). The most important of these factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how she or he considered the other three factors. *Id*.

**Medical Opinions**[4]

Dr. Bruce E. Fishman, an orthopedic surgeon, examined plaintiff on August 18, 2015 and November 22, 2016, in connection to her workers' compensation case and reviewed her medical records. *See id*. at 448-70, 481-538, 769-828. Plaintiff complained about pain in her neck, shoulders, elbows, wrists, and hands. *Id*. at 451-52, 775-76. Plaintiff also reported numbness and tingling in both upper extremities, as well as decreased grip strength. *Id*. Dr. Fishman observed plaintiff had, among other things: tenderness to palpation over the ligamentum nuchae from C4-T1 and over the trapezius and levator scapulae muscles; a positive impingement test in both shoulders; tenderness over epicondyles in elbows; and positive Tinel's and elbow flexion tests. *See id*. at 455-59, 780-87. Based on the examinations, plaintiff's history, and her medical records, Dr. Fishman opined plaintiff had the

---

[4] Because the disputed issue only concerns plaintiff's physical impairments, the court limits its discussion to the relevant opinions.

following limitations:[5] she could lift and carry 20 pounds up to chest level and ten pounds from chest level to shoulder level; she could not work above shoulder level with either upper extremity; she could not perform activities requiring prolonged, repetitive neck motions; she could not engage in activities with forceful gripping; and she was limited to intermittent bilateral upper extremity repetitive tasks. *Id*. at 814.

Dr. Soheil K. Afra, an internist, examined plaintiff on September 1, 2017 and reviewed some medical records.[6] AR at 867. Plaintiff reported her main issue was neck pain that radiated to the elbow on her left side and all the way to her hand on the right. *Id*. at 868. Plaintiff also complained of upper back pain and reported she had difficulties standing or walking for a prolonged period of time, lifting heavy objects, and bending. *Id*. at 869. Dr. Afra observed plaintiff had pain and decreased range of motion in the cervical and thoracic spine; mild tenderness and full but slow, painful range of motion in the shoulders; and decreased grip strength in the right as compared to the left. *Id*. at 870-71. The other findings were otherwise normal, including full motor strength in the upper extremities. *See id*. Based on the history, examination, and medical records, Dr. Afra diagnosed plaintiff with chronic neck pain and suspected mechanical type upper back pain. *Id*. at 872. Dr. Afra opined plaintiff had the following limitations: push, pull, lift, and carry 20 pounds occasionally and ten pounds frequently; walk and stand six hours out of an eight-hour day; sit six hours out of an eight-hour day; bend, kneel,

---

[5] Dr. Fishman opined different lift and carry limitations based on each impairment. The court references the most restrictive of the limitations. *See* AR at 814.

[6] It is unclear what medical records Dr. Afra reviewed since he only identified one record – the 2015 EMG report. *See* AR at 868-69. Dr. Afra mentioned the existence of a cervical spine MRI, but stated he did not know the exact details of the report. *See id*. at 869.

stoop, crawl, crouch, walk on uneven terrain, climb ladders, and other postural movements occasionally; and use the right hand for fine and gross movements frequently. *Id.* at 872-73.

State agency physicians Dr. S. Amon and Dr. C. Bullard reviewed plaintiff's medical records and Dr. Afra's opinion. *Id*. at 160-65, 173-78. On September 15 and October 6, 2017, the state agency physicians opined plaintiff had the RFC to perform light work with the limitations that plaintiff could: stand and walk for six hours in an eight-hour day; sit for six hours in an eight-hour day; frequently climb ramps and stairs, balance, stoop, kneel, crouch, reach except for overhead reaching, handle, and finger; and occasionally climb ropes and ladders, crawl, and reach overhead. *Id*. at 163-65, 176-77.

**RFC Assessment**

In reaching his RFC determination, the ALJ reviewed and considered the medical evidence and opinions. *Id*. at 90-91. The ALJ found the opinions of the state agency physicians, Dr. Afra, and Dr. Fishman – which all assessed plaintiff as capable of light work but with different limitations – all to be persuasive. *Id*. at 91. Specifically, the ALJ noted the state agency physicians cited specific examples to support their assessments and their findings were consistent with the medical evidence, Dr. Afra's opinion was supported by the objective findings from his physical examination, and Dr. Fishman's opinion was supported by his detailed report. *Id*. Although the ALJ found all the opinions persuasive, he found the state agency physicians' opinions to be more persuasive and adopted their limitations because: (1) Dr. Afra's opinion was based on a single examination while Dr. Amon and Dr. Bullard were able to review a more complete medical file; and (2) Dr. Amon and Dr. Bullard are experts in social security disability evaluation while Dr. Fishman's report addressed issues in plaintiff's workers' compensation claim, not

plaintiff's social security disability application.⁷ *See id*.

      Plaintiff's argument that the RFC assessment is flawed due to an improper evaluation of medical opinions is premised on the hierarchy of medical opinions promulgated by the prior regulations. But plaintiff filed her application on June 20, 2017. For applications filed on or after March 27, 2017, the revised regulations, which eliminate the hierarchy of opinions, apply. As such, the ALJ did not err by failing to give clear and convincing reasons for adopting the state agency physicians' opinions over those of the examining physicians. Instead, the ALJ properly evaluated the medical evidence under the revised regulations. The ALJ considered all of the medical evidence and opinions, and based his assessment on the five factors listed in the revised regulations. The ALJ properly explained how he found all of the opinions to be persuasive because the physicians all provided evidentiary support for the opinions and the opinions were consistent with the medical record.⁸ The ALJ then articulated how he considered other factors – Dr. Afra's failure to review a complete medical record and Dr. Fishman's evaluation in the workers' compensation context – to find the state agency physicians' opinions more persuasive. *See* 20 C.F.R. § 404.1520c(b)(3). The RFC determination was therefore supported by a proper evaluation of medical opinions

---

   ⁷  Defendant contends the ALJ relied on the opinions of Dr. Afra, Dr. Amon, and Dr. Bullard in reaching his RFC determination, and plaintiff, by neither acknowledging nor disputing Dr. Afra's opinion, therefore waives any challenge to the ALJ's reliance on it. D. Mem. at 8. Contrary to defendant's assertion, the ALJ found Dr. Amon's and Dr. Bullard's opinions to be more persuasive and adopted their opinions, not Dr. Afra's opinion. AR at 91. Nevertheless, Dr. Amon, Dr. Bullard, and Dr. Afra opined substantially similar lifting, carrying, and upper extremity limitations. *See* AR at 91, 163-65, 176-77, 872-73.

   ⁸  Plaintiff does not argue that Dr. Amon and Dr. Bullard did not cite medical evidence to support their opinion, nor that their opinions were inconsistent with the evidence from other medical sources.

consistent with the revised regulations.[9]

Plaintiff also contends the ALJ improperly discounted the opinion of a treating physician, Dr. Eric Watson, who purportedly increased the sitting, standing, and walking restrictions and specifically limited her to no more than 15 minutes of sitting. P. Mem. at 4-5. Plaintiff does not provide a citation to support this limitation, and the court cannot find any treatment note or opinion from Dr. Watson reflecting such restrictions.[10] Nor do Dr. Watson's 2018 treatment notes support plaintiff's alleged restrictions or worsening symptoms. Noting that an MRI showed a 4mm bulge at L5-S1, Dr. Watson observed only mild tenderness at S1 at one examination and a positive slump test at another. *See* AR at 1188-89, 1191. Dr. Watson observed otherwise normal findings, including plaintiff sitting in the examination room. *See id*. at 1188-89, 1191, 1204. The ALJ, in fact, cited Dr. Watson's benign findings as evidence that plaintiff's limitations were not as restrictive as alleged. *See id*. at 90. In short, Dr. Watson did not offer an opinion as to plaintiff's limitations for the ALJ to consider and his treatment notes do not indicate plaintiff's impairments worsened since Dr. Afra, Dr. Fishman, Dr. Amon, and Dr. Bullard issued their opinions.

Accordingly, the ALJ's RFC determination was supported by substantial evidence.

---

[9] Under the prior regulations, the opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006). Nevertheless, the non-examining physician's opinion may serve as substantial evidence when it is "consistent with independent clinical findings and other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The revised regulations require the ALJ to consider supportability and consistency in the evaluation process.

[10] Plaintiff also alleges she went to the emergency room on May 3, 2018, but does not provide a citation. *See* P. Mem. at 4. The administrative record does not contain notes of this emergency room visit.

10

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: September 30, 2021

_____
SHERI PYM
United States Magistrate Judge